SMITH, *ex dem.* TELLER et al. *against* BURTIS et al.

Entry on lands, and erecting improvements thereon, amounts to a claim of
   title, and constitutes a disseisin.   Five years possession by a disseisor and
   a descent cast, tolls the entry of the disseisee, and the possessory right of
   the plaintiff, in ejectment, is fully made out by proof of such possession
   and descent cast.

EJECTMENT for lands situated in the 6th ward of the city
of New York.

The plaintiff proved that Isaac Teller, the father of the
lessors of the plaintiff, entered on the premises in question
between the years 1761 and 1765, and built thereon three
houses, and cultivated and improved the ground extensive-
ly, and died in possession in 1775.   That the eldest son of
Isaac Teller, who was the heir-at-law to the father, (accord-
ing to the rule of law at that time,) was kept out of pos-
session by the British, who used the buildings on the pre-
mises as guard-houses; that this son died in 1775; that the
British evacuated the city in 1783, and the premises re-
mained vacant until 1794, when the possession of the de-
fendants, or those under whom they claim, commenced.

The defendants' counsel then offered to go into evidence
of their title.

But plaintiff's counsel contended, that no evidence of
title, on the part of the defendants, could be received; that
the right of possession only could be tried in this action;

Smith v. Burtis.

that the evidence which they had offered showed an entry
by disseisin on the part of the ancestor of the lessors of the
plaintiff, a possession for five years by the disseisor, and a
descent cast, which tolled the entry of the defendants, (sup-
posing the title to be in them,) and put them to their right:
3 Cruise's Digest, 369; 1 Salk. 685; Runn. Eject. 46, 49,
147, 291; 3 Com. 176; Holt, 264; 1 Ld. Raym. 741;
Woodfall's Tenant's Law, 381; 3 Johnson, 388.

Defendants' counsel contended, that the plaintiff's evi-
dence would have formed a good defence for him, had he
been in possession, and a possessory action brought against
him, but did not form a sufficient title to support an eject-
ment; that the principle of law, as urged by the plaintiff,
was inapplicable, because the plaintiff's ancestor had com-
mitted no technical disseisin; that, to constitute a disseisin,
there must be an entry under a claim of title, and the en-
try of the ancestor in this case was not of that description.

And further, that if this was such a descent as would
toll an entry, it gave the plaintiff's lessors a mere *prima fa-
cie* title, which could be overthrown by showing one that
was paramount.

SPENCER, J.  The improvements, made by the ancestor,
are sufficient to evince a claim of title, and constitute his
entry a disseisin.  The descent, subsequently cast, places
this cause exactly in the same situation as it would have
been, had the lessors of the plaintiff been in quiet posses-
sion for twenty years.  The defendants must be considered
as holding tortiously; the right of possession is in the les-
sors of the plaintiff.  The defendants must resort to a r'

action, if they have title. It cannot be set up in this suit.(1)

Verdict for plaintiff.

*Hoffman, Emmet* and *Colden,* for plaintiff.

*Radcliff* and *Ogden,* for defendants.

(1) This case was very ably argued at bar, and the doctrine of disseisin learnedly discussed. A new trial was, however, granted; the court being of opinion that if the lessors of the plaintiff would put themselves on the ungracious right of a descent cast, they were bound to prove affimatively, a tortious seisin; that a peaceable entry on land, apparently vacant, furnished *per se* no presumption of wrong. That the court would infer title from the lessors of plaintiff's ten years possession, sufficient to put the tenant on his defence, but that they ought not to infer a tortious entry, or an actual ouster sufficient to bar every defence. That this would be a most rigorous conclusion, making the ancestor of the plaintiff a disseisor; it tolls the entry of the true owner, shutting out his defence, and driving him to his writ of right. 6 Johns. 197.

In the "Code of Procedure," passed in the state of New York, April 12, 1848, (part 2, tit. 2, c. 2, sec. 87,) it is provided as follows: "The right of a person, to the possession of any real property, shall not be impaired or affected by a descent being cast, in consequence of the death of a person in possession of such property." This provision renders the law of this case absolute, for the time to come; as it, however, cannot react, it is presumed all rights, acquired before the passing of the law, are saved.